# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

PABLO ALVAREZ-PRIETO,             :

                    Petitioner      :      CIVIL ACTION NO. 3:19-0544

          v.                        :            (JUDGE MANNION)

WARDEN, CLAIR DOLL,               :

                    Respondent      :


## MEMORANDUM

On March 28, 2019, *pro se* Petitioner Pablo Adriel Alvarez-Prieto ("Petitioner"), who is currently confined at the York County Prison, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his continued pre-final order of detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), without a bond hearing. (Doc. 1). Following an Order to show cause (Doc. 5), Respondent filed a response, contending that Petitioner's detention is lawful. (Doc. 7). On March 5, 2020, and April 9, 2020, Respondent filed a Notice of Change in Detention Status and Suggestion of Mootness, claiming Petitioner's custody shifted to post-final order detention status. (Docs. 8, 9). Petitioner has filed neither a traverse, nor a motion seeking an extension of time to do so. Accordingly,

Petitioner's §2241 petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition for writ of habeas corpus as moot.

## I.   BACKGROUND

On March 28, 2019, Alvarez-Prieto filed the instant petition for writ of habeas corpus under 28 U.S.C. §2241, in which he challenges ICE's constitutional authority to detain him. (Doc. 1). On May 3, 2019, Respondent requested the Court deny the habeas petition because Alvarez-Prieto's detention was mandatory and satisfied due process, as Congress has provided the federal government with the ability to detain arriving aliens like Alvarez-Prieto until their asylum claims are resolved in the immigration courts. (Doc. 7.)  At the time Alvarez-Prieto filed the instant habeas petition, his BIA appeal of the immigration judge's decision to deny all forms of relief and order removal was pending and Alvarez-Prieto had failed to file a brief in support of his appeal. (Doc. 8). On May 14, 2019, the BIA dismissed his appeal, a decision he appealed by filing a Petition for Review with the Third Circuit.  Alvarez-Prieto v. Att'y Gen., No. 19- 2176 (3d Cir. 2019). The Third Circuit Court of Appeals, pursuant to a standing practice order, granted a temporary stay of removal. Id. On February 7, 2020, the Third Circuit vacated the temporary stay and denied his Motion to Stay Removal. Id.

## II. DISCUSSION

"Generally speaking, 8 U.S.C. §1226 governs pre-removal order detention of aliens while 8 U.S.C. §1231 governs post-removal order detention of aliens." Samba v. Lowe, No. 3:18-cv-662, 2020 WL 599839, at *2 (M.D. Pa. Feb. 7, 2020). In the instant case, when Petitioner filed his §2241 petition, his detention was governed by §1226(c), because the Third Circuit's grant of a temporary stay of removal causes an immigration detainee to revert to pre-removal immigration detention status because the order of removal is not administratively final. See, e.g., Orozco Arroyo v. Doll, No. 4:19-cv-490, 2019 WL 6173753, at *4-5 (M.D. Pa. Oct. 10, 2019), *report and recommendation adopted*, 2019 WL 6130483 (M.D. Pa. Nov. 19, 2019); Carlos A. v. Green, No. 18-741 (SDW), 2018 WL 3492150, at *2 n.1 (D.N.J. July 20, 2018); Chica-Iglesia v. Lowe, No. 1:18-cv-35, 2018 WL 1960438, at *1 (M.D. Pa. Apr. 25, 2018); Gekara v. Lowe, No. 3:17-cv-1693, 2018 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018); Payano v. Lowe, No. 3:16-cv-2029, 2016 WL 6995433, at *2 (M.D. Pa. Nov. 30, 2016); see also Leslie v. Atty Gen., 678 F.3d 265, 270 (3d Cir. 2012) (noting that "§1321 cannot explain nor authorize detention during a stay of removal pending further judicial review"), *abrogated in part on other grounds by* Jennings v. Rodriguez, 138 S. Ct. 830 (2018). However, as noted above, the Third Circuit denied

Petitioner's to stay removal and vacated the temporary stay of removal on February 7, 2020. Accordingly, Petitioner is now subject to a final order of removal, and his detention is, therefore, governed by §1231. See Samba, 2020 WL 599839, at *2; Labarriere v. Doll, No. 4:19-cv-309, 2019 WL 6875624, at *2 (M.D. Pa. Dec. 17, 2019). Thus, to the extent Petitioner seeks a bond hearing to challenge his detention pursuant to §1226(c), his §2241 petition must be denied as moot. See Ufele v. Holder, 473 F. App'x 144, 146 (3d Cir. 2012) (holding that habeas challenge to pre-final order of detention was rendered moot when individual shifted to post-final order detention status); Saini v. Lowe, No. 4:18-cv-1546, 2019 WL 1247529, at *2 (M.D. Pa. Feb. 22, 2019), report and recommendation adopted, 2019 WL 1239873 (M.D. Pa. Feb. 22, 2019). Nonetheless, given Petitioner's *pro se* status and continued detention, the Court will consider whether he is entitled to a bond hearing to review his continued detention under §1231.

Section 1231(a)(1)(A) provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." See 8 U.S.C. §1231(a)(1)(A). During this ninety (90)-day period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found ...

- 4 -

deportable under section 1227(a)(2)." See id. §1231(a)(2). After the ninety (90)-day period has expired, the alien may be held in continued detention, or may be released under supervision. See id. §1231(a)(3), (6). In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court concluded that §1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." See id. at 699. Thus, "[o]nce removal is no longer reasonably foreseeable, continued detention is longer authorized by statute." See id. To establish a uniform baseline, the Court noted that a period of six (6) months is a "presumptively reasonable period of detention." See id. at 701; see also Guerrero-Sanchez v. Warden York Cty. Prison, 905 F.3d 208, 226 (3d Cir. 2018) (concluding that the Due Process Clause of the Fifth Amendment prohibits prolonged detention under §1231 without a bond hearing and adopting a six (6)-month rule that an alien detained under §1231 "is generally entitled to a bond hearing after six months (i.e., 180 days) of custody").

The Third Circuit denied Petitioner's motion for a stay of removal and lifted the temporary stay on February 7, 2020. Accordingly, the ninety (90)-day removal period commenced at that time. See Omollo v. Warden, York Cty. Prison, No. 3:17-cv-1039, 2018 WL 2292533, at *2 (M.D. Pa. May 18,

2018) ("The dismissal of Omollo's pending petition for review [by the Third Circuit Court of Appeals] converted [Omollo's] mandatory detention under Section 1226 to post-final order detention under Section 1231."); Gekara v. Lowe, No. 3:17-cv-1693, 2019 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018) ("However, the ninety-day removal did not commence until October 2, 2017, when the Third Circuit lifted its temporary stay of removal upon deciding that Petitioner did not satisfy the requirements for a stay of removal pending a decision on his petition for review."); Payano v. Lowe, No. 3:16-cv-2029, 2016 WL 6995433, at *2 (M.D. Pa. Nov. 30, 2016) ("However, the ninety-day removal period did not commence until November 8, 2016, when the Third Circuit lifted its temporary stay of removal upon deciding that Petitioner did not satisfy the requirements for a stay of removal pending a decision on his petition for review."). Petitioner, therefore, is still within the ninety (90)-day period where his detention is mandatory. His period of mandatory detention expires on May 7, 2020, and his presumptively reasonable period of detention without a hearing expires ninety (90) days after that. "A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature." Gekara v. Lowe, No. 3:17-cv-1693, 2018 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018). Thus, Petitioner's §2241 petition must be dismissed because his challenge to his detention

under §1231 is premature at this time. See Samba, 2020 WL 599839, at *3 (concluding same).

### III. CONCLUSION

For the foregoing reasons, Alvarez-Prieto's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed as premature. A separate Order shall issue.

_s/ Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 27, 2020**
19-0544-01